UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JERRY L. HOFFMAN,

     Plaintiff,

v.                                        Case No. 2:25-cv-131-JLB-KCD

KELVAN JIMENEZ,
INDIVIDUALLY AND OFFICIAL
CAPACITY; JOSE DELGADO,
INDIVIDUALLY AND OFFICIAL
CAPACITY; AND CITY OF PUNTA
GORDA, OFFICIAL CAPACITY,

     Defendants.
_____/

## ORDER

Plaintiff Jerry L. Hoffman sues the City of Punta Gorda and Officers Kelvan Jimenez and Jose Delgado. (*See* Doc. 1.)[1] Hoffman recently served Defendants by delivering the summons and complaint to a "clerk" at City Hall. (Docs. 11-13.) Defendants now move to quash service, arguing Hoffman did not follow Federal Rule of Civil Procedure 4 or Florida law. (Doc. 16.) No response was filed, so the Court treats the motion as unopposed. (*See* Local Rule 3.01(c).) For the reasons below, the motion is granted.

"Constitutional due process requires that litigants have notice of an action brought against them and an opportunity to be heard." *Baxter v.*

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

*Miscavige*, No. 8:22-CV-986-TPB-JSS, 2023 WL 1993969, at *3 (M.D. Fla. Feb. 14, 2023). "Thus, after a complaint is filed, a plaintiff is responsible for having the summons and complaint served on a defendant." *Id*. The plaintiff has the burden of establishing effective service of process and filing proof of the same. *See* Fed. R. Civ. P. 4(l); *Zamperla, Inc. v. S.B.F. S.R.L*, No. 6:13-CV-1811-ORL-37, 2014 WL 1400641, at *1 (M.D. Fla. Apr. 10, 2014).

Federal Rule of Civil Procedure 4(j) governs service on a municipality. State or local government must be served by (a) delivering a copy of the summons and complaint to the entity's "chief executive officer" or (b) by serving a copy of the summons and complaint in a manner prescribed by that state's laws for service. Fed. R. Civ. P. 4(j)(2)(A)-(B).

Under Florida law, service on a municipality is controlled by Fla. Stat § 48.111, which sets forth a hierarchy of persons who may accept service on the City's behalf. Subsection (1) directs plaintiffs to first attempt service on the registered agent. *See* Fla. Stat. § 48.111(1)(a). If the municipality does not have a registered agent, or if the registered agent cannot otherwise be located, service must be made on the president, mayor, chair, or head of the municipality. *Id.* § (1)(b). Since "statutes governing service of process are to be strictly construed," § 48.111 must be precisely followed for valid service. *Mead v. HS76 Milton, LLC*, 102 So. 3d 682, 683 (Fla. Dist. Ct. App. 2012).

Applying these rules here, Hoffman did not correctly serve the City. The return shows that Sara Welsh accepted service as a "city clerk." (Doc. 11.) City clerk does not fit the categories under Rule 4, nor Florida law, and Hoffman offers no evidence that Welsh is otherwise allowed to accept service for the City. *See Archer v. City of Winter Haven*, No. 8:16-CV-3067-T-36AAS, 2017 WL 784939, at *1 (M.D. Fla. Mar. 1, 2017) (quashing service delivered to the deputy city clerk under § 48.111 because he was not "a person designated under Florida law as a person who may receive service of process on behalf of a municipality"). The City has confirmed it did not designate the city clerk as a chief executive officer or other department head authorized to accept service. (Doc. 16 at 6.)

As for Officers Delgado and Jimenez, who are sued in their individual and official capacities, serving the city clerk is also insufficient. "[C]ourts generally hold that when defendants are sued in their individual and official capacities, service must be made upon defendants in a manner to satisfy individual service." *Davis v. Green*, No. 1:12-cv-03549-JOF, 2013 WL 12063901, at *2 n.1 (N.D. Ga. May 15, 2013).[2] Rule 4 allows service on an individual in accordance with state law or by delivering a copy of the summons and compliant to the individual personally, leaving a copy at the

---

[2] There appears to be no consensus on the proper method of service for public employees sued in their official capacity. *Streeter v. Dept. of Pub. Safety*, 689 F. Supp. 3d 1312, 1336-37 (S.D. Ga. 2023). But the Court need not resolve this issue here because Hoffman's efforts to serve Officers Delgado and Jimenez do not satisfy any approach.

individual's abode with someone of suitable age who resides there, or delivering a copy to an agent authorized by appointment or law to receive service. Fed. R. Civ. P. 4(e)(1)-(2). Florida law allows for personal service on an individual at their "usual place of abode" with any person residing there over 15 years old. Fla. Stat. § 48.031. Serving the city clerk meets none of these categories.

Because Hoffman has not followed the service requirements of Florida law or the Federal Rules of Civil Procedure, the Court must grant Defendants' motion to quash.[3] *See, e.g.*, *Felton v. Winter Park Police Dep't*, No. 6:22-CV-898-RBD-DAB, 2022 WL 8216907, at *4 (M.D. Fla. Aug. 2, 2022).

The only remaining issue is whether Hoffman can cure the deficient service. When service is "insufficient but curable," courts "generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." *Edwards-Conrad v. S. Baptist Hosp. of Fla., Inc.*, No. 3:13-CV-260-J-25MCR, 2013 WL 1365718, at *1 (M.D. Fla. Apr. 4, 2013). Rule 4(m) requires that "a defendant [be] served within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). Hoffman brought this case on February 19, 2025. Although the time for service has run, Hoffman was not granted leave to

---

[3] Defendants also move to dismiss the complaint for failure to state a claim. (Doc. 16.) This request will be denied without prejudice. Defendants can raise these arguments if they are properly served.

4

proceed in *forma pauperis* until a month after the case was filed. (Doc. 7.) Thus, the Court will extend the deadline for service until the end of June. The Clerk previously sent Hoffman the necessary forms for service by the U.S. Marshal. *See* Doc. 7. Hoffman must return the completed forms if he wants service in that manner.

Accordingly, it is **ORDERED**[4]:

1. Defendants' Motion to Quash is **GRANTED IN PART AND DENIED IN PART**. The request to quash service is **granted**. The dismissal portion of the motion is **denied without prejudice** to be refiled if Defendants are properly served.

2. Plaintiff must file a proof of service for all Defendants by **June 30, 2025**. **Failure to do so will result in a recommendation that this case be dismissed for failure to prosecute without further notice**.

**ENTERED** in Fort Myers, Florida on June 12, 2025.

Kyle C. Dudek
United States Magistrate Judge

---

[4] A magistrate judge must issue a report and recommendation, subject to de novo review, for certain case-dispositive motions. 28 U.S.C. § 636(b)(1)(B). In contrast, a magistrate judge may issue an order, subject to clear error review, for non-dispositive matters. *Id.* § 636(b)(1)(A). Defendants' motion falls into the latter category because it seeks to quash service and does not dispose of any claim or defense. *See, e.g., United States v. Faro*, No. 2:20-CV-769-JLB-NPM, 2022 WL 20815060, at *1 (M.D. Fla. July 11, 2022).