UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JERRY L. HOFFMAN,

    Plaintiff,

v.

KELVAN JIMENEZ, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; JOSE DELGADO, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; AND CITY OF PUNA GORDA

    Defendant,

Case No.: 2:25-cv-00131-KCD-DNF

## ORDER

Plaintiff Jerry L. Hoffman brings various claims against Defendants City of Punta Gorda, Kelvan Jimenez, and Jose Delgado. (Doc. 36.)[1] Defendants move to dismiss Hoffman's complaint on several grounds. (Docs. 37, 38.) Hoffman has responded (Docs. 46, 47), making this matter ripe. For the reasons below, Defendants' motions are **GRANTED**.

### I. Background

Here are the relevant facts taken from the operative complaint, which must be taken as true at this stage. Hoffman entered the Punta Gorda Police Department's headquarters in July 2022 "to file a formal complaint against

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

an officer and to submit a public records request." (Doc. 36 ¶ 1.) He began video recording his visit and was refused service before being ordered to leave by Officer Jimenez. (*Id*. ¶¶ 1, 4, 8.) Hoffman alleges Officer Delgado then shoved, struck, and dragged him across the lobby floor before arresting him. (*Id*, ¶¶ 5, 10, 11, 14.)

As mentioned, Defendants raise several arguments against the complaint. (Docs. 37, 38.) Pertinent here, they maintain that Hoffman's claims are barred by *res judicata* since he already sued over this incident in *Hoffman v. Delgado*, Case No. 2:23-cv-00130-SPC-NPM (*Delgado I*).

## II. Discussion

"*Res judicata* is a judicially crafted doctrine, created to provide finality and conserve resources*.*" *Maldonado v. U.S. Atty. Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011). It is meant to bar a party "from relitigating a cause of action that was or could have been raised in [a prior] action." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). *Res judicata* thus "prevents plaintiffs from bringing claims related to prior decisions when the prior decision (1) was rendered by a court of competent jurisdiction; (2) was final; (3) involved the same parties or their privies; and (4) involved the same causes of action." *Rodemaker v. City of Valdosta Bd. of Educ.*, 110 F.4th 1318, 1324 (11th Cir. 2024).

Hoffman's claims here fit the bill. Just as in *Delgado I*, Hoffman sues the City and Officer Delgado. (Doc. 36; *Delgado I*, Doc. 5. ¶¶ 1, 3.). Both cases center on the same incident. (Doc. 36; *Delgado I*, Doc. 5, ¶¶ 8-48.) And this Court dismissed *Delgado I* with prejudice. (*See Delgado I*, Doc. 32); *see also Hoffman v. Delgado*, No. 23-13213, 2025 WL 25856, at *4 (11th Cir. Jan. 3, 2025).

Yet Hoffman contends this case is different for two reasons. First, he emphasizes that Officer Jimenez was not a party to *Delgado I*. But everyone else here was, and Hoffman "may not avoid the application of *res judicata* by adding new parties." *Ardis v. Anderson*, 662 F. App'x 729, 732 (11th Cir. 2016); *see also Endsley v. City of Macon, Ga.*, 321 F. App'x 811, 814 (11th Cir. 2008)*; Smith v. Hannigan Fairing Co.*, No. 6:23-CV-00757-LSC, 2023 WL 6849441, at *3 (N.D. Ala. Oct. 17, 2023); *Destin v. Brooks*, No. 23-21256-CIV, 2023 WL 6340279, at *3 (S.D. Fla. Apr. 13, 2023).

Hoffman also insists his claims are new and based on previously unknown or unavailable facts. Not so. This case arises from the same event underlying *Delgado I*. And none of the alleged facts here postdate *Delgado I*. So Hoffman's current claims involve the same cause of action as *Delgado I* and are thus barred by *res judicata. See In re Piper Aircraft Corp.*, 244 F.3d at 1296-97 ("[C]laims are part of the same cause of action for *res judicata* purposes when they arise out of the same transaction or series of

3

transactions."); *Hilliard v. Gutierrez*, No. 21-CV-20513, 2021 WL 2712122, at *8 (S.D. Fla. July 1, 2021) ("[R]es judicata's bar also encompasses those claims that could have been raised previously."); *Cf. Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 414 (2020) ("Claim preclusion generally does not bar claims that are predicated on events that postdate the filing of the initial complaint."). Because no amendment can change the underlying deficiency in Hoffman's complaint, this action is dismissed with prejudice.

Defendants' motions to dismiss (Docs. 37, 38) are thus **GRANTED** and this action is **DISMISSED with prejudice**. The Clerk is **DIRECTED** to enter judgment, terminate any pending motions or deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on November 20, 2025.

Kyle C. Dudek
United States District Judge