UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JERRY L HOFFMAN,

    Plaintiff,

v.

                              Case No. 2:25-cv-00131-KCD-DNF

KELVAN JIMENEZ, INDIVIDUALLY AND OFFICIAL CAPACITY; JOSE DELGADO, INDIVIDUALLY AND OFFICIAL CAPACITY; AND CITY OF PUNTA GORDA, OFFICIAL CAPACITY;

    Defendants,

## ORDER

Before the Court is Plaintiff Jerry Lamar Hoffman's Motion to Recuse or Disqualify Judge Kyle C. Dudek. (Doc. 68.) Hoffman, proceeding *pro se*, argues that the undersigned has demonstrated bias through several adverse rulings—specifically, by denying him access to the electronic filing system, dismissing his case while a stay was purportedly in effect, and granting time extensions to the defendants in a related habeas matter. (*Id.* at 4.)[1] Because the law is clear that a judge's rulings in the course of a case rarely, if ever, constitute valid grounds for recusal, the motion is **DENIED**.

---

[1] Hoffman's motion is not paginated. So the Court cites the page numbers generated by its electronic filing system.

## I. Legal Standard

Two statutes govern recusal: 28 U.S.C. § 144 and 28 U.S.C. § 455. While they differ slightly in procedure, they address the same fundamental concern—ensuring a judge has no personal bias against a party.

Under § 455(a), a judge must recuse "in any proceeding in which his impartiality might reasonably be questioned." *Id.*[2] The standard here is objective. We ask not whether the judge feels biased, but whether "an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *United States v. Amedeo*, 487 F.3d 823, 828 (11th Cir. 2007).

Section 455(b) mandates recusal when a judge has actual "personal bias or prejudice concerning a party." *Id.* While § 455(a) asks how things *look* to the outside world, § 455(b) asks whether the judge *is* in fact biased. "The bias or prejudice must be personal and extrajudicial; it must derive from something other than that which the judge learned by participating in the case." *Amedeo*, 487 F.3d at 828.

Finally, § 144 requires recusal when a party files a sufficient affidavit stating that the judge has a "personal bias or prejudice either against him or

---

[2] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

in favor of any adverse party." *Id.* But the filing of an affidavit does not trigger automatic disqualification. The reviewing court must first determine whether the affidavit is legally sufficient—that is, whether the alleged facts, accepted as true, actually amount to legal bias. *See United States v. Serrano*, 607 F.2d 1145, 1150 (5th Cir. 1979).

## II. Discussion

Plaintiff's motion rests on three disagreements with the Court's management of this case and a related habeas matter: the denial of electronic filing privileges, the dismissal of this action while a stay was in effect, and the granting of routine extensions to the opposing party. Whether framed as an "appearance of partiality" under § 455(a) or "actual bias" under § 455(b)(1), these arguments fail for a single, fundamental reason: they complain entirely of judicial conduct, not personal animus.

The Supreme Court has made clear that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). A judge's decisions—even if erroneous—do not prove that he has picked a side or harbors deep-seated antagonism. Administrative decisions, like managing the docket or determining who may access the electronic filing system, are standard exercises of judicial discretion, not evidence of prejudice. *See In re Walker*, 532 F.3d 1304, 1311

3

(11th Cir. 2008). Similarly, if the Court's dismissal order was legally incorrect, the proper remedy is an appeal, not a motion to recuse.

Hoffman's affidavit and motion rely entirely on his dissatisfaction with the Court's legal rulings and procedural decisions. Under *Liteky* and Eleventh Circuit precedent, such complaints do not satisfy the standards for recusal. There is simply no evidence here of the deep-seated antagonism required to displace a sitting judge. Accordingly, Hoffman's Motion for Recusal (Doc. 68) is **DENIED**.

**ORDERED** in Fort Myers, Florida on January 20, 2026.

Kyle C. Dudek
United States District Judge